UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:23-CR-58-HAB |
| | ) | |
| PETRU-RAZVAN BRUMA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant, proceeding pro se, filed a "Motion for Summary Judgment" in this criminal case challenging the sufficiency of the Government's evidence on both counts asserted in the two-count Indictment. (ECF No. 58). He believes that those factual issues highlighted in his motion support dismissal of the Indictment. Defendant also has "reasonable suspicion" that the Indictment (ECF No. 13) was "not returned in open court by the [foreperson]" and that "the grand jury proceedings have been…bypassed." (ECF No. 58 at 2-3). Summary Judgment is not the appropriate mechanism in a criminal case to obtain dismissal. Nonetheless, the Court will liberally construe his filing (ECF No. 58) as a Motion to Dismiss the Indictment. Even still, when challenging the indictment, Defendant is limited to the four-corners of the indictment. Defendant's evidentiary challenges go outside of the Indictment itself. As for his procedural challenge, he bears the burden to show that abuse has occurred. Defendant does not point to anything other than his suspicion that the Indictment was not returned in open court. For these reasons, Defendant's Motion (ECF No. 58) will be DENIED.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.

R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge the legal sufficiency of an indictment for lack of specificity or failure to state an offense, among other things. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (citation and quotation marks omitted).

Count 1 of the Indictment charges Defendant with knowingly executing or attempting to execute a scheme and artifice to defraud a financial institution by placing a shimming device on a bank's ATM under 18 U.S.C. § 1344. (ECF No. 13). Count 2 charges him with knowingly, and with the intent to defraud, possessing a shimming device affecting interstate and foreign commerce under 18 U.S.C. § 1029(a)(4). (*Id.*). As for Count 1, Defendant provides, for example, that there is "no evidence for the install/deinstall… of a skimming device"; "no evidence of any skimmed bank accounts"; "no evidence of any financial loss"; and he challenges officers' identification of him. (ECF No. 58). As for Count 2, he provides that "[t]here is no evidence of any kind to show" that "interstate [or] foreign commerce" was affected. (*Id.*).

Factual challenges such as the ones raised by Defendant test the strength of the Government's case and are not proper challenges to the Indictment itself. This is because factual defenses are for a jury, not the Court, to decide. Thus, a defendant seeking pre-trial dismissal ordinarily may not "transcend the four-corners of the indictment." *United States v. DiFonzo*, 603 F.2d 1260, 1263 (7th Cir. 1979); *see also United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) ("An indictment is reviewed on its face, regardless of the strength or weakness of the government's case."); *United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a summary trial of the evidence. Such a motion is directed only to the validity of

the indictment or the information, and it tests only whether an offense has been sufficiently charged.") (internal citation and quote marks omitted).

A cursory review of the four corners of the Indictment shows that it complies with Rule 7(c)(1). It identifies the elements of the crimes charged, informs Defendant of the nature of the charges so he can prepare a defense, and enables Defendant to plead the judgement as a bar against future prosecutions for the same offense. For this reason, the Indictment is proper and the Defendant's factual challenges to the Indictment are issues for the jury to decide at trial.

As for Defendant's procedural challenge, he makes the speculative leap that the Indictment (ECF No. 13) was "not returned in open court by the [foreperson]." Federal Rule of Criminal Procedure 6(f) requires "the grand jury—or its foreperson or deputy foreperson—[to] return the indictment to a magistrate judge in open court." Fed.R.Crim.P. 6(f); *see also United States v. McChristian*, 47 F.3d 1499, 1504 (9th Cir. 1995). "Open court" means that the foreperson simply presents the indictment to the court while the court is in session. *See United States v. Lennick*, 18 F.3d 814, 817 (9th Cir. 1994). "The handing of the indictment to the clerk and the entry of it on the record was all the [rule] ever intended." *Renigar v. United States*, 172 F. 646, 648-52 (4th Cir. 1909).

"[A] presumption of regularity attaches to a grand jury's proceedings and the defendant has the burden of demonstrating that an abuse has occurred." *Franco v. United States*, 1999 U.S. App. LEXIS 20275, at *5-6 (6th Cir. 1999) (citing *United States v. Breitkreutz*, 977 F.2d 214, 217 (6th Cir. 1992)). Defendant offers no proof or even a suggestion that the Indictment was not returned in open court. Thus, Defendant fails to meet his burden and the Court takes judicial notice that the indictment was properly returned. *See United States v. Daychild*, 357 F.3d 1082, 1099 (9th Cir. 2004) (holding that when a defendant challenges whether an indictment was properly returned

the court may take judicial notice of court records to determine whether proper procedures were followed); *Odman v. United States*, 2005 U.S. Dist. LEXIS 36072, at *17-18 (W.D.N.C. Dec. 9, 2005) (collecting cases and taking judicial notice that indictment was properly returned because the indictment contained the signature of the foreperson and the Clerk's filed stamp); (ECF No. 13 (Indictment charging Defendant which includes the signature of the foreperson and the Clerk's filed stamp)). The docket reflects that the Indictment against the Defendant was signed by the foreperson and it bears the Clerk's file stamp. Defendant's motion is meritless.

## CONCLUSION

The Court construes Defendant's Motion for Summary Judgment (ECF No. 58) as a Motion to Dismiss the Indictment. That Motion is DENIED.

SO ORDERED on September 23, 2024.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT