UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:23-CR-58-HAB |
| ) | |
| PETRU-RAZVAN BRUMA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Defendant, proceeding pro se, filed a "Motion for Summary Judgment" in this criminal case challenging the sufficiency of the Government's evidence on both counts asserted in the two-count Indictment. (ECF No. 63). This is Defendant's second time doing so and he provides nothing new for this Court to consider. (ECF Nos. 58, 59). He believes that those factual issues highlighted in his motion support dismissal of the Indictment. As the Court has already told Defendant, Summary Judgment is not the appropriate mechanism in a criminal case to obtain dismissal. Even still, the Court will again liberally construe his filing (ECF No. 63) as a Motion to Dismiss the Indictment. When challenging the indictment, Defendant is limited to the four-corners of the indictment. Defendant's evidentiary challenges—which mirror his previously denied Motion for Summary Judgment (ECF No. 58, 59)—go outside of the Indictment itself. Defendant also filed a Motion to Compel Discovery (ECF No. 62) "because the case is one year old" and he thinks "it is reasonable to ask" for full discovery. That alone is insufficient and, without any indication that the Government has violated any deadline or obligation, the Court will not compel early discovery. For these reasons, Defendant's Motions (ECF Nos. 62, 63) will be DENIED.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge the legal sufficiency of an indictment for lack of specificity or failure to state an offense, among other things. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (citation and quotation marks omitted).

Count 1 of the Indictment charges Defendant with knowingly executing or attempting to execute a scheme and artifice to defraud a financial institution by placing a shimming device on a bank's ATM under 18 U.S.C. § 1344. (ECF No. 13). Count 2 charges him with knowingly, and with the intent to defraud, possessing a shimming device affecting interstate and foreign commerce under 18 U.S.C. § 1029(a)(4). (*Id.*). As for Count 1, Defendant provides, for example, that there is "no evidence for a shimming or skimming device install"; "no evidence of any usable bank account information"; "no evidence of any currency withdrawals"; "no victims identified"; and he challenges officers' identification of him. (ECF No. 63). As for Count 2, he provides that "[t]here is no evidence for any kind of financial loss"; "no evidence of any victims"; and "no evidence that interstate and foreign commerce" was affected. (*Id.*).

Defendant is barking up the wrong tree. Whether the facts set out in Defendant's motion support a *conviction* for the charged conduct is a matter for the jury to decide after a trial. This Court's analysis stops once it determines that the indictment complies with Rule 7(c)(1). Factual challenges such as the ones raised in Defendant's motion test the strength of the Government's case and are not proper challenges to the Indictment itself. This is because factual defenses are for a jury, not the Court, to decide. Thus, a defendant seeking pre-trial dismissal ordinarily may not

"transcend the four-corners of the indictment." *United States v. DiFonzo*, 603 F.2d 1260, 1263 (7th Cir. 1979); *see also United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) ("An indictment is reviewed on its face, regardless of the strength or weakness of the government's case."); *United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a summary trial of the evidence. Such a motion is directed only to the validity of the indictment or the information, and it tests only whether an offense has been sufficiently charged.") (internal citation and quote marks omitted).

Again, the Indictment shows that it complies with Rule 7(c)(1). It identifies the elements of the crimes charged, informs Defendant of the nature of the charges so he can prepare a defense, and enables Defendant to plead the judgment as a bar against future prosecutions for the same offense. For this reason, the Indictment is proper and Defendant's factual challenges to the Indictment are issues for the jury to decide at trial.

As for Defendant's Motion to Compel Discovery (ECF No. 63), The language of Criminal Rule 16, addressing criminal discovery, makes it clear that discovery should be accomplished by the parties themselves. *United States v. Connors*, No. 01 CR 326, 2002 WL 1359427, at *8 (N.D. Ill. June 20, 2002). Therefore, "[t]here is no need for a formal motion and, unless a snag develops, no need for court intervention." *United States v. Mentz*, 840 F.2d 315, 328 (6th Cir. 1988). Defendant's case is being prosecuted by an experienced AUSA who is, no doubt, well-aware of the Government's discovery obligations. Without some showing that those obligations have been violated, the Court will not intervene in the discovery process.

## CONCLUSION

The Court construes Defendant's Motion for Summary Judgment (ECF No. 63) as a Motion to Dismiss the Indictment. For these reasons, Defendant's Motion to Dismiss the Indictment (ECF No. 63) and his Motion to Compel Discovery (ECF No. 62) are DENIED.

SO ORDERED on October 16, 2024.

                         s/ Holly A. Brady
                         CHIEF JUDGE HOLLY A. BRADY
                         UNITED STATES DISTRICT COURT