UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff, )  )  v. )  )  PETRU-RAZVAN BRUMA, )  )  Defendant. ) | Cause No. 1:23-CR-58-HAB |

**OPINION AND ORDER**

Defendant, Petru-Razvan Bruma, filed two Notices of Appeal (ECF Nos. 76, 82) challenging this Court's recent Orders (ECF Nos. 72, 74). The first Order (ECF No. 72) denied Defendant's request for his return of property seized from a traffic stop (ECF No. 61). The second Order (ECF No. 74) denied Defendant's motion to suppress evidence seized and statements made during the same stop (ECF No. 32). Despite the filing of these appeals, this Court has not been divested of jurisdiction because the purported appeals arise from nonappealable orders—at least at this time. For the reasons below, the Court informs the parties that litigation of this case will proceed even with the pending appeals.

"Appellate jurisdiction is generally limited to review of 'final decisions' by the district courts." *United States v. Ewing,* 494 F.3d 607, 614 (7th Cir. 2007) (*citing* 28 U.S.C. § 1291). "This limitation embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Id.* (*citing United States v. Nixon,* 418 U.S. 683, 690 (1974)). "In the criminal context, the general rule is that an appeal may not be taken until a sentence has been imposed." *Id.* (*citing Holman v. Gilmore,* 126 F.3d 876, 881 (7th Cir. 1997)). And "[t]he general rule … that

an appeal suspends the district court's power to proceed further in a cause … has no application where there is a purported appeal from a nonappealable order." *United States v. Cannon,* 715 F.2d 1228, 1231 (7th Cir. 1983) (*citing United States v. Bastanipour,* 697 F.2d 170, 173 (7th Cir. 1982)). No trial has occurred, let alone sentencing.

With this backdrop, the Seventh Circuit has determined that just four categories of orders are immediately appealable by a criminal defendant: those that deny bail, deny a double-jeopardy immunity, direct the administration of psychotropic drugs, or deny Speech or Debate Clause immunity. *United States v. Schock*, 891 F.3d 334, 339 (7th Cir. 2018). "It has long been settled law 'that a defendant may not take an interlocutory appeal from an order denying a motion to suppress evidence.'" *United States v. Calligan*, 2018 WL 3972331, at *4 (N.D. Ind. Aug. 20, 2018) (collecting cases). Nor does a request for the return of property fall within the four categories of interlocutory appeals recognized by the Seventh Circuit. *See Schock*, 891 F.3d at 339. Thus, Defendant's appeals are improper, and this Court retains jurisdiction.

For these reasons, the Court concludes that it has not been divested of jurisdiction to proceed in this case by the filing of Defendant's improper interlocutory notices of appeal (ECF Nos. 76, 82).

SO ORDERED on November 27, 2024.

                                                  s/ Holly A. Brady
                                                  CHIEF JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT